UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

SPEARS ROOFING & CONSULTANTS, INC., LLC

VERSUS

AT&T SOLUTION REAL YELLOW
PAGES USA CORP.

CIVIL ACTION

NO. 10-048-JJB-CN

**RULING ON MOTION TO DISMISS FOR IMPROPER VENUE
OR ALTERNATIVELY TO TRANSFER**

This matter is before the Court on Defendant's motion to dismiss or transfer for improper venue. (Doc. 48.) Plaintiff filed an opposition. (Doc. 50.) The Court has jurisdiction pursuant to 28 U.S.C. § 1331 for the federal claims and 28 U.S.C. §1367 for the state claims. There is no need for oral argument. For the following reasons, the Court GRANTS Defendant's motion to transfer pursuant to 28 U.S.C. § 1404(a) to the United States District Court in the Northern District of Georgia.

**Background**

Plaintiff, Spears Roofing & Consultants, Inc., LLC ("Spears"), was an advertising customer of Defendant, AT&T Solution Real Yellow Pages USA Corp. ("AT&T") and its predecessor for several years. In 2004, Spears contacted AT&T in hopes of obtaining the first and most prominent business advertisement in the "roofing" section of AT&T's Real Yellow Pages telephone directory. After contacting AT&T, Spears signed an agreement to purchase a "double-truck" ad, the largest ad offered in the directory. Spears claims AT&T told him the double-truck ad would be prominently displayed in the roofing section and would remain in that position as long as he kept his account.

1

Unhappy with the ad's subsequent placement, Spears sued AT&T for multiple claims, including unfair trade practices and discrimination. AT&T then moved for dismissal or transfer to the United States District Court for the northern district of Georgia in accordance with a forum selection clause in the advertising contract Spears signed with AT&T.[1]

## Law and Analysis

Forum selection clauses are prima facie valid and enforceable unless the resisting party can show enforcement would be unreasonable and unjust or that the clause was invalid for reasons such as fraud or overreaching. *M/S Bremen v. Zapata Offshore Co.*, 407 U.S. 1, 15 (1972); *Int'l Software Sys., Inc. v. Amplicon, Inc.*, 77 F.3d 112, 114 (5th Cir. 1996). A forum selection clause is unreasonable when (1) the incorporation of the forum selection clause into the agreement was the product of fraud or overreaching; (2) the party seeking to escape enforcement will for all practical purposes be deprived of his day in court because of the grave inconvenience or unfairness of the selected forum; (3) the fundamental unfairness of the chosen law will deprive the plaintiff of a remedy; or (4) enforcement of the forum selection clause would contravene strong public policy of the forum state. *Carnival Cruise Lines, Inc. v. Shute*, 499 U.S. 585, 590 (1991); *Bremen*, 407 U.S. at 12-14; *Haynesworth v. The Corp.*, 121 F.3d 956, 963 (5th Cir. 1997).

Spears offers several theories as to why the forum selection clause is invalid, yet none of these arguments finds support in existing jurisprudence. Spears claims that transferring the case to Georgia would be unnecessarily inconvenient because all of

---

[1] Unable to locate the Baton Rouge contract disputed here, AT&T provided a contract that Spears signed with the Lafayette office. This contract contains a forum selection clause identical to the one found in the Baton Rouge contract and is standard for AT&T advertising contracts.

Spears' expected witnesses live in Louisiana, AT&T has successfully obtained local counsel, and all of the disputed transactions and occurrences occurred in Louisiana. However, in *Mouch v. Bell-South Advertising & Publishing Corp.*, the court weighed these same concerns—arising from an identical agreement used by AT&T's predecessor—and found the forum selection clause valid.  No. 04-962, 2004 WL 1687231, at *3 (E.D. La. July 22, 2004).  There, the court reasoned that much of the alleged inconvenience could be negated if the parties took advantage of time and money-saving measures such as entering into stipulations, using deposition testimony rather than live testimony and handling pre-trial matters via telephone, mail, or e-mail. *Id.*  Moreover, in *Worker's Compensation Legal Clinic of Louisiana v. Bellsouth Telecommunications, Inc.*, the court noted that plaintiffs who succeed at trial can further reduce the inconvenience by seeking a cost award after trial.  No. 03-0722, 2003 WL 21750628, at *5 (E.D. La. July 28, 2003).

Spears argues that AT&T is attempting to use the forum-selection clause as a bad faith tactic to discourage Spears from pursuing his claims.  There is no proof in the record, however, that AT&T sought to hide the forum selection clause or otherwise deceive Spears as to the clause's existence.  The advertising contract spanned a mere two pages.[2]  The forum selection clause appeared in the same font as the rest of the contract and in a section containing other litigation-related issues, such as choice of law.[3]  There is no proof AT&T attempted to dupe Spears or that he needed legal assistance to understand the contract's provisions.  *See Mouch*, 2004 WL 1687231 at

---

[2] Def.'s Mot. to Dismiss for Improper Venue, Alternatively to Transfer Pursuant to 28 U.S.C. §§ 1404(a), ex. 1, p. 9 (doc. 48).
[3] Id.

*2. LIkewise, the Court finds the forum selection clause in question is neither unduly burdensome nor extremely harsh. *See id.*

Additionally, Spears' argument that the forum selection clause is invalid under the Louisiana Unfair Trade Practices and Consumer Protection Law[4] is not persuasive. It is true that the relevant portion of the Louisiana Unfair Trade Practices and Consumer Protection Law, reads, "[N]o provision of any contract which purports to waive these provisions of venue, or to waive or select venue or jurisdiction in advance of the filing of any civil action, may be enforced against any plaintiff in an action brought in these courts." LA. REV. STAT. ANN. § 51:1401. However, Spears' reliance on § 51:1401 is not supported by existing jurisprudence because at least one court has greatly limited § 51:1401's scope. *See Rodriguez v. Class Travel Worldwide, LLC*, No. 99-1706, 2000 WL 222165, at *3 ("[Section 51:1401] should be limited to actions in which the *attorney general* is seeking to restrain [unfair trade] practices") (emphasis added).

Finally, the Court is not persuaded by Spears' argument that the forum selection clause should not apply because the claims do not arise out of the agreement or that the forum selection clause is invalid because it is overall broad and ambiguous. First, there is no doubt this lawsuit arises out of or is related to the agreement containing the forum selection clause. Spears signed the contract to obtain advertising in the Real Yellow Pages, and this dispute is over the placement of those ads in the Real Yellow Pages. Spears' attempt to strike down the forum selection clause because of its wording also fails. Similar clauses have come before and been upheld by state and federal courts across the country. *See Carnival Cruise Lines, Inc.*, 499 U.S. at 587-88;

---

[4] La. Rev. Stat. Ann. § 51:1401.

4

*Bremen*, 407 U.S. 1 at 2; *Int'l Software Sys. Inc.*, 77 F.3d at 113-14; *Mouch*, 2004 WL1687231 at *1.

Therefore, the Court finds transfer appropriate under § 1404(a)(1) because defendant AT&T's principal place of business is in Atlanta, in the Northern District of Georgia, and because enforcing the clause is neither unreasonable nor unjust.

## Conclusion

For the foregoing reasons, AT&T's motion for transfer pursuant to § 1404(a) (doc. 48.) to the United States District Court in the Northern District of Georgia is hereby **GRANTED**.

Signed in Baton Rouge, Louisiana, on July 2, 2010.

**JUDGE JAMES J. BRADY**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**